IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01850-KLM

AMELIA FLAHARTY,

     Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Motion for Leave to File Amended Complaint** [#21][1] (the "Motion"). Defendant filed a Response [#23] in opposition to the Motion, and Plaintiff filed a Reply [#24]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below,

     IT IS HEREBY **ORDERED** that the Motion [#21] is **GRANTED**.

     Pursuant to the Motion, Plaintiff seeks to amend her Complaint [#2] to add claims against Defendant for statutory bad faith, damages for breach of contract under her four insurance policies with Defendant, and declaratory relief with respect to her rights under each policy. [#21] at 3. On November 10, 2015, the Court set the deadline to join parties

_____

[1] "[#21]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

and amend pleadings as December 14, 2015.  *See Scheduling Order* [#13] at 7.  Because the Motion [#21] was filed on the deadline, Plaintiff's Motion is timely.  Thus, the Court considers any arguments raised by the parties related to whether justice would be served by amendment.

The Court has discretion to grant a party leave to amend its pleadings.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).  Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend the complaint.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).  "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment."  *Id.* (quotation omitted).

Defendant argues that the proposed amendments are futile.  *Response* [#23] at 3.  A motion for leave to amend may be denied on the basis of futility.  *Foman*, 371 U.S. at 182.  An amendment is futile if it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).

Defendant asserts two futility arguments.  First, it argues in some detail that "the

factual predicate to amend is incorrect." *Response* [#23] at 3.   However, "it must be remembered that disputes over material issues of fact cannot be resolved on a motion to dismiss . . . but must be reserved for resolution at trial by the appropriate trier . . . ." *Leon v. FedEx Ground Package Sys., Inc.*, No. CIV 13-1005 JB/SCY, 2016 WL 81436, at *8 (D.N.M. Feb. 21, 2016).   Thus, the Court does not find the amendment to be futile simply because Defendant disputes the underlying factual basis.

Second, Defendant argues that "the basic thrust of Plaintiff's assertion [is that she] disagrees with the value assigned the claim by [Defendant].   Under Colorado law, it is reasonable for an insurer to challenge claims that are fairly debatable, and an insurer is under no obligation to negotiate a settlement when there is a genuine disagreement as to the amount of compensable damages payable under the terms of an insurance policy." *Response* [#23] at 3 (internal quotation marks omitted).

An insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."   Colo. Rev. Stat. § 10-3-1115(1)(a).   An insurer's delay is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action."   Colo. Rev. Stat. § 10-3-1115(2).   "Whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury when conflicting evidence exists." *Leeper v. Allstate Fire & Cas. Ins. Co.*, No. 13-cv-03460-PAB-KMT, 2016 WL 1089701, at *4 (D. Colo. Mar. 21, 2016) (citing *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 497 (Colo. App. 2011)).

"The only element at issue in a statutory claim is whether an insurer denied benefits without a reasonable basis . . . ." *Peden v. State Farm Mut. Automobile Ins. Co.*, 2015 WL 5244934, at *3 (D. Colo. Sept. 9, 2015) (citing *Baker v. Allied Property*, 939 F. Supp. 2d

1091, 1107 (D. Colo. 2013)).  Plaintiff alleges that "Defendant had notice that Plaintiff's [i]njuries necessitated medical treatment requiring her to incur various medical expenses, including expenses for back surgery for hardware removal and exploration of a fusion mass . . . ." *Proposed Am. Compl.* [#21-3] ¶ 49.  Plaintiff further alleges that "Defendant had notice that Plaintiff incurred damages and losses exceeding the Underinsured's bodily injury coverage of $100,000." *Id.* ¶ 50.  Plaintiff also alleges that she held four insurance policies with Defendant and that "Defendant has denied and delayed payment of underinsured motorist benefits to Plaintiff without a reasonable basis for its action." *Id.* ¶¶ 51-55.  At this early stage of the litigant, Plaintiff has stated a plausible claim.  Beyond this, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).  Thus, the Court will not deny Plaintiff's proposed amendments on the basis of futility.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#21] is **GRANTED**.  The Clerk of Court shall accept Plaintiff's Amended Complaint [#21-3] for filing as of the date of this Order. Defendant shall answer or otherwise respond to the Amended Complaint in accordance with the Federal Rules of Civil Procedure.

Dated:  April 6, 2016

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge